JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SANDRA DINGLE

### DEFENDANTS

The Trustees of the University of Pennsylvania d/b/a University of Pennsylvania Hospital

**(b)** County of Residence of First Listed Plaintiff   Burlington Cty, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Sidney L. Gold, Esq. ID #21374, The Gold Law Firm, P.C.
1835 Market St., Ste. 515, Phila, PA 19103 215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 840 Trademark | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE VII, ADEA, ADA, FMLA & PHRA

Brief description of cause:
EMPLOYMENT DISCRIMINATION MATTER

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000 IN EXCESS

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE  06/06/2024

SIGNATURE OF ATTORNEY OF RECORD
/S/ SIDNEY L. GOLD, ESQUIRE  #21374   ATTORNEY FOR PLAINTIFF

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)    Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)    County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)    Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.    Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.    Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for:  Nature of Suit Code Descriptions.

**V.    Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.    Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.    Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 42 Southampton Drive, Willingboro, NJ 08046 _____

Address of Defendant: _____ 800 Spruce St., Phila., PA 19107 _____

Place of Accident, Incident or Transaction: _____ 800 Spruce St., Phila., PA 19107 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/06/2024 _____ /s/ Sidney L. Gold, Esq. _____ 21374 _____

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, SIDNEY L. GOLD, ESQUIRE , counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 06/06/2024 _____ /s/ Sidney L. Gold, Esq. _____ 21374 _____

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| SANDRA DINGLE, | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| The Trustees of the University of | : | |
| Pennsylvania d/b/a University of Pa Hosp. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (☑)

| | | |
|---|---|---|
| 06/06/2024 | /s/ Sidney L. Gold, Esq. | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)       The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)       In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)       The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)       Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)       Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
#### (See §1.02 (e) Management Track Definitions of the
#### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SANDRA DINGLE | : | **CIVIL ACTION NO.**_____ |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| THE TRUSTEES OF THE UNIVERSITY | : | |
| OF PENNSYLVANIA d/b/a | : | |
| UNIVERSITY OF PENNSYLVANIA | : | |
| HOSPITAL | : | |
| *Defendant* | : | JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**I.   PRELIMINARY STATEMENT:**

1.      This is an action for an award of damages, attorneys' fees, and other relief on behalf of the Plaintiff, Sandra Dingle ("Plaintiff"), a former employee of the Defendant, The Trustees of the University of Pennsylvania d/b/a University of Pennsylvania Hospital ("Defendant"), who has been harmed by Defendant's discriminatory and retaliatory employment practices.

2.      This action is brought under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981, the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. ("ADEA"), the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq., and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA").

**II.   JURISDICTION AND VENUE:**

3.      The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391, as Plaintiff's claims are substantively based on Title VII, the FMLA, 42 U.S.C. § 1981, the ADEA, and the ADA.

1

4.     The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA.

5.     All conditions precedent to the institution of this suit have been fulfilled and Plaintiff has satisfied all other jurisdictional prerequisites to the maintenance of this action. On March 18, 2024, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission ("EEOC") and this action has been filed within ninety (90) days of receipt of said notice.

## III.   **PARTIES**:

6.     Plaintiff, Sandra Dingle ("Plaintiff"), is a sixty-seven (67) year old (DOB: 05/04/1956), African-American woman and citizen of the State of New Jersey, residing therein at 42 Southampton Drive, Willingboro, New Jersey 08046.

7.     Defendant, The Trustees of the University of Pennsylvania d/b/a University of Pennsylvania Hospital ("Defendant"), is an institution duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business therein at 800 Spruce Street, Philadelphia, Pennsylvania 19107.

8.     At all times relevant hereto, Defendant acted through its agents, servants, and employees, who acted within the scope of their authority, course of employment, and under the direct control of the Defendant.

9.     At all times material herein, Defendant has been a "person" and "employer" as defined by Title VII, the ADA, the FMLA, the ADEA and the PHRA, and has been, and is, subject to the provisions of each said Act.

## IV.    <u>STATEMENT OF FACTS</u>:

10.     Plaintiff was employed by Defendant from May 4, 2021 until May 22, 2023, the date of her unlawful termination.

11.     During her tenure of employment with Defendant, Plaintiff held the position of Noninvasive Cardiology Supervisor. At all times, Plaintiff performed her duties in a competent and diligent manner.

12.     Beginning in April 2022, Defendant, through its agents, servants, and employees subjected Plaintiff to a hostile work environment through severe and pervasive discrimination non the basis of her age (DOB: 05/06/1956) and race (African-American).

13.     Danielle Heffner ("Heffner"), (age 43, Caucasian), Director of Program Development Services and Plaintiff's direct supervisor, targeted Plaintiff with ongoing performance criticisms for increasingly petty, unjustified reasons.

14.     By way of example, on April 13, 2022, Heffner reprimanded Plaintiff for arranging for the echocardiogram technologists under her supervision to attend a clinical conference. Importantly, Plaintiff made those arrangements at the specific request of the cardiology physician team.

15.     Heffner's targeting of Plaintiff continued on April 18, 2022, when she criticized Plaintiff for a glitch in Defendant's attendance software, which was obviously not within Plaintiff's control.

16.     As further harassment and discrimination, Heffner reprimanded Plaintiff in connection with an error made by Catherine Bordelon ("Bordelon") (age 30s, Caucasian), Senior Human Resources Business Partner. Bordelon failed to issue timely notification to employees regarding wage increases. Plaintiff was totally uninvolved in the process and could not be

reasonably connected to Human Resources' failure. Despite this, Heffner inappropriately attributed the error to Plaintiff and reprimanded her.

17.     On May 3, 2022, Heffner issued Plaintiff an unjustified ninety (90) day performance development plan. As evidence of the arbitrary nature of the plan, Defendant increased Plaintiff's workload on May 26, 2022, negating allegations of deficient performance.

18.     On July 30, 2022, Heffner issued additional unjustified criticism to Plaintiff relating to Defendant's echocardiogram equipment. notably, Plaintiff had taken proper steps to confirm the status of the equipment and collaboration with Defendant's Echocardiogram Lead to resolve equipment issues prior to Heffner's involvement.

19.     Contrary to Heffner's report that Plaintiff met all expectations of her performance development plan, Heffner continued to issue unjustified reprimands to Plaintiff.

20.     On August 16, 2022, Heffner reprimanded Plaintiff for splitting her time between two conflicting meetings. As evidence of Heffner's discriminatory animus toward Plaintiff based on her race and age, Heffner did not similarly reprimand a significantly younger, Caucasian individual, Eric Smith ("Smith") (age 38, Caucasian), Administrator of Practice and Operations, for identical conduct on August 3, 2022.

21.     On August 22, 2022, Plaintiff requested to attend a nursing Magnet Conference in an effort to address Heffner's allegations that Plaintiff's nursing management was inadequate. Heffner denied Plaintiff's request to attend, and instead authorized significantly younger, Caucasian individuals to attend, including Kristine Renshaw ("Renshaw") (age 45, Caucasian), Supervisor of Invasive Cardiology, and Lauren Coates ("Coates") (age 30, Caucasian), Staff Nurse. Heffner's refusal to allow Plaintiff to attend the conference demonstrated that her

criticisms of Plaintiff were disingenuous, or, in the alternative, that she did not want to set Plaintiff up for success to address her alleged performance deficiencies.

22.     On August 22, 2022, Heffner told Plaintiff during a one-on-one meeting that Plaintiff was "just not a good fit," a thinly-veiled reference to Plaintiff's status as the oldest and only African-American Non-Invasive Cardiology Department Supervisor.

23.     On August 24, 2022, Heffner again reprimanded Plaintiff for conflicts in scheduled meetings beyond her control.

24.     On August 30, 2022, Heffner criticized Plaintiff for failing to develop emergency criteria for the use of contrast by administration. However, Plaintiff had fully complied with Heffner's directives. Implementation was delayed due to the physicians responsible for finalizing the plan not yet rendering a decision, which could not reasonably be attributed to Plaintiff.

25.     On September 2, 2022, as evidence of the unfounded nature of Heffner's ongoing criticisms of Plaintiff's job performance, Dr. Andrew Kohut ("Dr. Kohut"), Medical Director, assured Plaintiff that she was an excellent fit for her role, and consistently exceeded the performance of her predecessors.

26.     On September 19, 2022, Heffner issued Plaintiff a writeup delineating fourteen (14) alleged areas of performance deficiency and concern with her capacity for leadership. As evidence of the pretextual nature of the writeup, Heffner followed up, "if you can't give me reasonable response to the fourteen bulleted writeup, then I suggest that you set up a meeting with HR to discuss your exit." Heffner's note further signaled her discriminatory animus toward Plaintiff. Contrary to Heffner's representations in the writeup, Plaintiff received consistent praise from her supervisory physicians, none of whom ever echoed Heffner's criticisms.

27.     On September 20, 2022, Plaintiff sought treatment from Dr. Gerard L. Devaughn ("Dr. Devaughn"), Cardiologist, in connection with an onset of chest pain and palpitations resulting from excessive and undue stress of the hostile work environment fostered by Heffner. Dr. Devaughn confirmed that Complainant's blood pressure was elevated and directed Complainant to remain out of work through September 23, 2022 as a reasonable accommodation in order to go diagnostic testing.

28.     Plaintiff requested leave under the Family and Medical Leave Act ("FMLA") in accordance with Dr. Devaughn's directives. Upon approving her request, Bordelon discovered that Heffner had erroneously characterized Plaintiff's scheduled September 20, 2022 appointment as an unexcused absence, further demonstrating Heffner's animus toward Plaintiff. Plaintiff thereafter commenced short term FMLA leave.

29.     On September 22, 2022, Plaintiff provided responses to each individual point of Heffner's writeup to Heffner and members of Defendant's leadership team, including, Dr. Kohut, Susan Weisman ("Weisman"), Director of Division Administration and Cardiovascular Medicine, Anne Krajewski ("Krajewski"), Interim Director of Noninvasive Cardiology, Douglas Jacoby ("Jacoby"), Division Chief of Cardiovascular and Noninvasive Cardiology, and Christine Tierney ("Tierney"), Chief Human Resources Officer. Upon receiving Plaintiff's responses, Dr. Kohut thanked her and remarked that her responses were "on point."

30.     Plaintiff returned to work as scheduled on September 26, 2022.

31.     On October 27, 2022, Bordelon invited Plaintiff to a meeting on October 28, 2022. Plaintiff, anticipating further reprisal from Heffner and the possible termination of her employment, experienced a panic attack and symptoms of cardiac distress, including chest pain and palpitations. Plaintiff sought emergency medical treatment at the onset of said symptoms.

32.     Per Dr. Devaughn's directives, Plaintiff sought treatment with a clinical counselor for generalized anxiety disorder. Said medical condition constitutes a disability within the meaning of the ADA and the PHRA in that it substantially impairs one or more of Plaintiff's major life activities, including, focusing, thinking, and caring for oneself. Plaintiff commenced a second leave of absence under the Family and Medical Leave Act ("FMLA") on October 28, 2022.

33.     On March 21, 2023, Plaintiff requested an extension of her medical leave until April 13, 2023 as a reasonable accommodation for her disability. On March 24, 2023, Defendant approved her request.

34.     Plaintiff subsequently requested an additional extension of her medical leave until May 22, 2023. On April 17, 2023, Defendant approved her request.

35.     On April 21, 2023, Defendant notified Plaintiff that her position would be eliminated effective on May 22, 2023, thereby terminating her employment as of that date. Defendant did not similarly eliminate the positions of Plaintiff's significantly younger, non-disabled, Caucasian counterparts, including Renshaw and Gina Cavalli ("Cavalli").

36.     Notwithstanding its representation that Plaintiff's position was eliminated, on April 25, 2023, Defendant reassigned Plaintiff's duties to Cavalli, a non-disabled, fifty-five (55) year old, Caucasian individual.

37.     Plaintiff believes and avers that no legitimate reason existed for her termination and that Defendant terminated her employment as further discrimination based on her age (DOB: 05/06/1956), race (African-American), actual and/or perceived disabilities and/or record of impairment (cardiac complications, generalized anxiety disorder), and in retaliation for requesting reasonable accommodations for her disabilities.

### COUNT I
### (ADEA - Age Discrimination)
### Plaintiff v. Defendant

38.     Plaintiff incorporates by reference paragraphs 1 through 37 of this Complaint as though fully set forth at length herein.

39.     The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to discrimination on the basis of her age, and in knowing or showing reckless disregard for whether its conduct was prohibited by statute, constituted willful violations of the ADEA.

40.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADEA, Plaintiff sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

### COUNT II
### (PHRA - Age Discrimination)
### Plaintiff v. Defendant

41.     Plaintiff incorporates by reference paragraphs 1 through 40 of this Complaint as though fully set forth at length herein.

42.     The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to discrimination on the basis of her age, constituted a violation of the PHRA.

43.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of

earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

44.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### COUNT III
### (ADA - Disability Discrimination)
### Plaintiff v. Defendant

45.     Plaintiff incorporates by reference paragraphs 1 through 44 of this Complaint as though fully set forth herein.

46.     The actions of the Defendant, through its agents, servants, and employees, in discriminating against Plaintiff on the basis of her actual and/or perceived disabilities and/or record of impairment, constituted a violation of the ADA.

47.     As a direct result of the aforesaid unlawful, discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff sustained permanent and irreparable harm resulting in the termination of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

48.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT IV
### (ADA - Retaliation)
### Plaintiff v. Defendant

49.     Plaintiff incorporates by reference paragraphs 1 through 48 of this Complaint as though fully set forth herein.

50.     The actions of the Defendant, through its agents, servants, and employees, in retaliating against Plaintiff for requesting a reasonable accommodation for her actual and/or perceived disabilities and/or record of impairment, constituted a violation of the ADA.

51.     As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff sustained permanent and irreparable harm resulting in the termination of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

52.     As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT V
### (PHRA - Disability Discrimination)
### Plaintiff v. Defendant

53.     Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint as though fully set forth herein.

54.     The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to discrimination on the basis of her actual and/or perceived disabilities and/or record of impairment, constituted a violation of the PHRA.

55.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff sustained permanent and irreparable harm, resulting in the termination of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

56.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### COUNT VI
### (PHRA - Retaliation)
### Plaintiff v. Defendant

57.     Plaintiff incorporates by reference paragraphs 1 through 56 of this Complaint as though fully set forth herein.

58.     The actions of the Defendant, through its agents, servants, and employees, in retaliating against Plaintiff for requesting a reasonable accommodation for her actual and/or perceived disability and/or record of impairment, constituted a violation of the PHRA.

59.     As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff sustained permanent and irreparable harm resulting in the termination of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

60.     As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

11

**COUNT VII**
**(Title VII – Race Discrimination)**
**Plaintiff v. Defendant**

61.    Plaintiff incorporates by references paragraphs 1 through 26 of this Complaint as though fully set forth at length herein.

62.    The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to discrimination on the basis of her race, constituted a violation of Title VII.

63.    As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

64.    As a further direct result of the aforesaid discriminatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**COUNT VIII**
**(PHRA – Race Discrimination)**
**Plaintiff v. Defendant**

65.    Plaintiff incorporates by references paragraphs 1 through 64 of this Complaint as though fully set forth at length herein.

66.    The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to discrimination on the basis of her race, constituted a violation of the PHRA.

67.    As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, as aforesaid, Plaintiff sustained

permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

68.     As a further direct result of the aforesaid discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### COUNT IX
**(42 U.S.C. § 1981 – Race Discrimination)**
**Plaintiff v. Defendant**

69.     Plaintiff incorporates by references paragraphs 1 through 68 of this Complaint as though fully set forth at length herein.

70.     The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to discrimination on the basis of her race, constituted a violation of 42 U.S.C. § 1981.

71.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of 42 U.S.C. § 1981, as aforesaid, Plaintiff sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

72.     As a further direct result of the aforesaid discriminatory employment practices engaged in by the Defendant in violation of 42 U.S.C. § 1981, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT X
### (FMLA – Retaliation)
### Plaintiff v. Defendant

73.     Plaintiff incorporates by reference paragraphs 1 through 72 of this Complaint as though fully set forth herein.

74.     The actions of the Defendant, through its agents, servants, and employees, in retaliating against Plaintiff for exercising her rights under the FMLA, ultimately resulting in the termination of her employment, constituted a violation of the FMLA.

75.     The aforesaid retaliatory actions of the Defendant were willful, malicious, wanton, in bad faith, and in reckless disregard of Plaintiff's rights.

76.     As a direct result of the willful, wanton, reckless, careless, and negligent acts of the Defendant in violation of the FMLA, Plaintiff suffered a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

## PRAYER FOR RELIEF

77.     Plaintiff incorporates by reference paragraphs 1 through 76 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in her favor and against the Defendant, and Order that:

a.      Defendant compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination and retaliation;

b.      Defendant compensate Plaintiff with an award of front pay, if appropriate;

       c.       Defendant pay to Plaintiff punitive damages, liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

       d.       Defendant pay to Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

       e.       The Court award such other relief as is deemed just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

                         SIDNEY L. GOLD & ASSOC., P.C.

              By:     /s/ Sidney L. Gold, Esquire
                      SIDNEY L. GOLD, ESQUIRE
                      I.D. No.:  21374
                      1835 Market Street, Suite 515
                      Philadelphia, PA 19103
                      (215) 569-1999
                      **Attorneys for Plaintiff**

DATED:  06/06/2024

## VERIFICATION

I hereby verify that the statements contained in the attached **Complaint** are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.


DATE:  04/29/2024
_____

_____
SANDRA DINGLE, PLAINTIFF